

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2005

# Capers v. Smith Barney

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2587

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Capers v. Smith Barney" (2005). *2005 Decisions.* Paper 250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2587
_____

DR. AUGUSTUS CAPERS;
GERTRUDE CAPERS JTWROS,
Appellants
v.

SMITH BARNEY CITIGROUP
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-01237)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2005

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed November 8, 2005)

_____

OPINION
_____

PER CURIAM

Dr. Augustus Capers and Gertrude Capers appeal the order of the United States

District Court for the District of New Jersey, dismissing their complaint without prejudice

for lack of subject matter jurisdiction.  We will affirm.

On March 1, 2005, the Caperses filed a complaint in the United States District Court for the District of New Jersey, naming "Smith Barney Citigroup"[1] ("Smith Barney") as the defendant. The complaint states that the action was "brought pursuant to U.S.C.A. Title 15 Commerce & Trade §§ 77a to 77bbbb Securities & Trust Indentures, Chapter 2A Domestic Securities." (Complaint ¶1.)[2] The Caperses present references and case citations alluding to, among other things, market prices of stocks, values of securities, and damages awards. The sole factual allegation in the Caperses' complaint, under the heading "Complaint on a Promissory Note," is that the "[d]efendant on or about October 18, 2004, executed and delivered to plaintiff a promissory note," noting that the copy of the promissory note was attached as an exhibit. (Id. ¶8.) The exhibit consists of a deposit receipt concerning 100 shares of Thermodynamics, Inc.[3] The Capereses contend that Smith Barney owes them "the amount of said note and interest," (id. ¶9) and demand judgment in the amount of $200,000,000.

Concerning the subject matter jurisdiction of the District Court, the Caperses have alleged as follows:

---

[1] The appellee explains in its brief that Smith Barney is a division of Citigroup Global Markets Inc., wholly-owned by Citigroup Financial Products, Inc., wholly-owned by Citigroup Global Markets Holdings, Inc., wholly-owned by Citigroup, Inc.

[2] The Caperses refer to the same citation in their brief on appeal.

[3] In their brief on appeal, the Caperses reiterate this lone allegation as the factual basis of the complaint. Appellants' Brief at 2.

2

> It is sufficient for subject-matter jurisdiction under this section that offers were made within United States without showing that they were accepted by actual sale or that alleged misrepresentations were in fact successful in inducing sale of securities by reliance thereon. Securities and Exchange Commission v. Gulf Intercontinental Finance Corp., S.D. Fla. 1963, 223 F. Supp. 987.

[sic] (Complaint ¶6.) By order entered March 11, 2005, the District Court directed the Caperses to file a submission providing the basis for the court's jurisdiction. The order requested information regarding the citizenship of the parties and amount in controversy if the action was based on diversity jurisdiction, and regarding the federal statute and specific section providing for a private right of action if the action was based on a federal question. The Caperses filed a reply, stating that the basis for jurisdiction was "already stated in the complaint"; that the Caperses were "United States citizens" and Smith Barney's "legal dept. is located at 388 Greenwich Street, 16th Floor, New York, NY 10048"; that damages cannot yet be stated with precision; and that the statutory provisions upon which federal question jurisdiction was based "are referenced in the complaint." (Response to March 11, 2005 Order.) The Caperses also cited Article III of the United States Constitution. By order entered March 17, 2005, the District Court directed the Caperses to show cause why the case should not be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure, requiring a short and plain statement of the claim. In reply, the Caperses referred to the section of the complaint titled "Complaint on a Promissory Note," including paragraphs 8 and 9.

Smith Barney filed a motion to dismiss the complaint under Rules 8(a), 9(b)&(g),

3

and 12(b).  By order entered April 20, 2005, the District Court dismissed the complaint without prejudice, having determined that it lacked subject matter jurisdiction.  The District Court deemed Smith Barney's motion to be moot.

The Capereses appeal.  We have appellate jurisdiction under 28 U.S.C. § 1291.[4] Our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary.  See Dresser Indus., Inc. v. Underwriter's at Lloyd's of London, 106 F.3d 494, 496 (3d Cir. 1997).  We may affirm the District Court on any ground supported by the record.  Tourscher v. McCullough, 184 F.3d 236, 240 (3rd Cir. 1999).

On appeal, the Caperses do not contend that their complaint was premised on diversity jurisdiction under 28 U.S.C. § 1332.  Rather, despite their characterization of the action as a "complaint on a promissory note," it appears that they invoke federal securities statutes as the basis for federal question jurisdiction under 28 U.S.C. § 1331.  However, even if the District Court had subject matter jurisdiction, we conclude that the complaint does not comply with Rule 8(a).  Despite the Caperses' insistence that the allegations contained in paragraphs 8 and 9 (noted above) comply with Rule 8(a), we discern nothing in the complaint that qualifies as a short and plain statement of the claim that shows that

---

[4] In Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (*per curiam*), this Court, noting the general rule that an order dismissing a complaint without prejudice is not appealable, stated that "[o]nly if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable."  In light of the Caperses' responses to the District Court's March 2005 orders, we conclude that the Caperses have declared their intention to stand on their complaint.

4

the Caperses are entitled to relief. For example, the complaint is devoid of any reference to any transaction regarding securities of Thermodynamics, or to any wrongdoing by Smith Barney concerning that transaction. There is no explanation or basis given for the allegation that Smith Barney owes the Caperses "the amount of said note and interest." Upon careful review of the record and the parties' briefs on appeal, we conclude that the District Court did not err in dismissing the complaint without prejudice.

Accordingly, we will affirm the District Court's judgment.